UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, JOHN A. WAGNER, KENNETH R. BOYD, CARL IVKA, ROBERT A. BLAIR, TIMOTHY MELIA, MILTON JONES WILLIAM M. VAUGHN, III, JON K. MCPHERSON RICHARD D. COX, M. SCOTT HENDERSON, and JASON PARADIS, <br><br>18861 90th Avenue, Suite A <br>Mokena, IL 60448 <br><br>                 **Plaintiffs,** <br>   v. <br><br>JOSEPH FAMILY MARKETS, LLC <br>46 Kane Street <br>West Hartford, CT 06119 <br><br>**Serve:** CT Corporation System <br>        67 Burnside Avenue <br>       East Hartford, CT 06108 <br><br>                 **Defendant.** | Case No.: 18-cv-08179 |

**COMPLAINT**

Plaintiffs, United Food and Commercial Workers International Union-Industry Pension Fund (the "Fund") and its Trustees, by counsel, hereby complain of Defendant Joseph Family Markets, LLC ("Defendant") as follows:

**Introduction**

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, and the Labor Management Relations

Act of 1948 ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek a judgment against Defendant for delinquent contributions, interest, liquidated damages, payroll audit fees, and attorneys' fees and costs related to Defendant's failure to pay contributions required by agreement between Defendant and the United Food and Commercial Workers Local Union No. 371 (the "UFCW Local 371").

### Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

### Parties

4. The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3).

5. Plaintiffs Anthony M. Perrone, John A. Wagner, Kenneth R. Boyd, Carl Ivka, Robert A. Blair, Timothy Melia, Milton Jones, William M. Vaughn, III, Jon K. McPherson, Richard D. Cox, M. Scott Henderson, and Jason Paradis are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Mokena, Illinois.

6. Defendant Joseph Family Markets, LLC is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). Upon information and belief, Defendant is a corporation organized under the laws of the State of Connecticut with its principal place of business in West Hartford, CT.

## Governing Documents

7. At all times relevant to this action, Defendant employed employees represented for the purposes of collective bargaining by the UFCW Local 371, a labor organization representing employees in an industry affecting interstate commerce.

8. At all times relevant to this action, Defendant and the UFCW Local 371 have been parties to and bound by a collective bargaining agreement ("CBA") obligating Defendant to make monthly contributions to the Fund and submit monthly remittance reports to the Fund detailing those individuals who are covered under the Fund for purposes of accruing pension benefits.

9. Under the CBA, Defendant agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") governing the Fund, and any rules and policies adopted by the Trustees thereunder. The Trust Agreement required the Defendant to submit monthly pension contributions to the Fund.

10. Defendant was party to an Employer Participation Agreement with the Fund ("Participation Agreement") at all times relevant to this action. The terms of the Participation Agreement obligated Defendant to be bound by the terms and provision of the Trust Agreement, including all amendments thereto.

11. The Trust Agreement bound Defendant to the Fund's Delinquency Collection Procedure adopted by the Trustees ("Delinquency Policy").

12. The Delinquency Policy requires Defendant to submit monthly remittance reports and pension contributions to the Fund, establishes the Fund's interest rate on delinquent contributions, provides for the Fund to charge interest on late-paid contributions, and calls for the Fund to collect attorneys' fees, costs, and liquidated damages related to collecting a delinquency.

13. The Trust Agreement also binds Defendant to the Fund's Payroll Audit Policy ('Payroll Audit Policy"). The Payroll Audit Policy requires contributing employers, including Defendant, to submit to periodic payroll audits to determine the accuracy of the contributions upon which benefits are paid to covered employees. According to the Payroll Audit Policy, when an employer fails to timely pay the delinquent contributions discovered during the course of a payroll audit following a demand for payment from the Fund, the Fund may charge the cost of the Audit to the employer.

**Factual Allegations**

14. Monthly contributions due to the Fund are calculated on remittance reports required to be prepared monthly by each contributing employer. The remittance reports identify the employees, their hours worked, and their job classification and corresponding contributions due under the CBA. This is a self-reporting system and the Fund relies on the honesty and accuracy of the employers in reporting employees' hours and job classifications, as well as the contributions owed by employers to the Fund for work performed by employees.

15. In order to verify the accuracy of the remittance reports submitted by employers, the Fund conducts periodic payroll audits pursuant to the Payroll Audit Policy. Since the benefit accruals of the Fund's participants are directly tied to the contributions reported on their behalf, these payroll audits are critical to ensuring the accuracy and integrity of the Fund's administration of benefits.

4

16. In accordance with the CBA, the Trust Agreement, the Participation Agreement, and the Payroll Audit Policy of the Fund, in October 2014, the Fund's auditors conducted a payroll audit of Defendant's payroll records for the period of April 2010 through December 2010 ("Audit Period") to determine whether the appropriate contributions had been paid by Defendant to the Fund.

17. On August 29, 2017, the Fund sent Defendant a Notice of the Payroll Audit Results Report ("Notice of Payroll Audit"), stating that Defendant owed $4,142.19 in contributions, plus interest to the Fund for the Audit Period.

18. On October 10, 2017, the Fund send a demand for the delinquent contributions revealed in the Audit. The Defendant was given until October 24, 2017 to submit payment.

19. The Fund sent a final payroll audit demand (the "Final Audit Report"), which informed Defendant that it had until September 12, 2018 to submit the delinquent contributions.

20. The Final Audit Report informed Defendant that it failed to pay $4,142.19 in contributions for work performed by employees covered by the CBA, and that Defendant also owed interest in the amount of $2,732.46 accrued as of September 12, 2018.

21. To date, Defendant has not paid these amounts to the Fund and interest on the unpaid contributions continues to accrue.

## COUNT ONE: DELINQUENT CONTRIBUTIONS

22. Plaintiffs incorporate the foregoing Paragraphs as if stated herein.

23. Defendant is obligated to pay contributions to the Fund as required by the CBA, the Trust Agreement, the Participation Agreement, and ERISA Sections 502 and 515, 29 U.S.C. §§ 1132, 1145.

24.     Defendant has failed to pay $4,142.19 in contributions owed to the Fund on behalf of employees performing services for the period of April 2010 through December 2010.

25.     By failing to pay the required contributions, Defendant has violated Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 186, and the Trust Agreement.

26.     Because Defendant failed to pay $4,142.19 in contributions owed to the Fund for the Audit Period upon demand by the Fund, Defendant is now required to pay $3,541.00 for the cost of the payroll audit pursuant to the Fund's Payroll Audit Policy.

27.     Accordingly, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the LMRA, the Trust Agreement, and the Participation Agreement, Defendant is liable to the Fund for $4,142.19 in delinquent contributions, any contributions that become delinquent while this lawsuit is pending, at least $2,848.93 in interest on the delinquent contributions, accrued through December 20, 2018, and continuing to accrue until paid and the Fund's interest rate of 2% above the prime rate, liquidated damages in an amount equal to the greater of 20 percent of the delinquent contributions or the interest on the delinquent contributions in an amount of at least $2,848.93, the cost of the payroll audit in the amount of $3,541.00, and reasonable attorneys' fees and costs incurred by the Fund in pursuing the delinquent amounts.

## Prayer for Relief

**WHEREFORE**, Plaintiffs request the following relief:

A.     Enter judgment against Defendant and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts:

(1) $4,142.19 in estimated delinquent contributions;

(2) Interest on the delinquent contributions at the Fund's interest rate of

2% above the prime rate accruing from the date the contributions became due and owing until the date paid, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), in an amount of at least $2,848.93;

   (3) An amount equal to the greater of the interest on the delinquent contributions or 20 percent of the delinquent contributions, in an amount of at least $2,848.93, as required by 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

   (4) Additional contributions that may become delinquent during the pendency of this action or which become ascertainable based on the Fund's review of Defendant's employment records;

   (5) The cost of the payroll audit in the amount of $3,541.00;

   (6) Attorneys' fees and other costs incurred by the Fund in the collection of delinquent contributions, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2);

  B.  Retain jurisdiction of this case pending compliance with its Orders; and

  C.  Grant such other and further relief as the Court may deem just.

Dated: December 13, 2018     Respectfully submitted,

            /s/ *Jeffrey S. Endick, with consent*
            Jeffrey S. Endick, Esq. (Bar No. 4133661)
            Kristina Salamoun (Bar No. 89157)
            SLEVIN & HART, P.C.
            1625 Massachusetts Avenue, NW, Suite 450
            Washington, D.C. 20036
            (202) 797-9700
            (202) 234-8231 (facsimile)

            /s/ *David Huffman-Gottschling*
            David Huffman-Gottschling, Esq. (Bar No. 06269976)
            Sherrie E. Voyles, Esq. (Bar No.06242386)
            JACOBS, BURNS, ORLOVE & HERNANDEZ
            150 North Michigan Avenue, Suite 1000

Chicago, IL 60601<br>
(312) 327-3443

*Counsel for Plaintiffs*

  A copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20680526v1